UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARC ANTHONY COLON,<br><br>Petitioner,<br>v.<br><br>R. BAKER, *et al.*,<br><br>Respondents. | Case No. 3:18-cv-00490-MMD-CBC<br><br>ORDER |

On July 15, 2019, Petitioner filed a counseled first amended petition for writ of habeas corpus (ECF No. 15). On July 30, 2019, Petitioner filed an unopposed motion for a status conference (ECF No. 16). The Court grants the motion in part with respect to the filing of a second amended petition. The Court denies the motion in part with respect to holding a status conference because the Court will set the schedule for filing a second amended petition in this order.

At the end of the first amended petition, counsel for Petitioner asked for leave to further amend the petition because counsel was appointed recently and has not had time to become familiar with Petitioner's case. (ECF No. 15 at 5.) In the status-conference motion, counsel for Petitioner notes that, after his discussion with counsel for Respondents, the practice in this court is for the petition to cite to the record and to have exhibits attached. (ECF No. 16 at 1-2.)

First, no rule or order of the Court requires Petitioner to cite to the record. Indeed, it would be impractical to require pro se petitioners to cite to the record. However, citations to the record are very helpful in counseled habeas corpus petitions.

Second, although the practice has been for counseled petitions to attach exhibits, recent changes in the Local Rules do not require it. Under Local Rule LSR 3-3(a):

///

> The petitioner may refer, in the petition, to documents that he/she reasonably believes the respondents will be required to file under Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, without the petitioner having to attach those documents to the petition. The petitioner may not, however, state a claim for habeas corpus relief by incorporating language from a document not attached to the petition; if the petitioner intends to state a claim by incorporation of language from a separate document, that document must be filed with the petition as an exhibit.

However, the references to the documents must have a citation that is useful to this Court. Citations to the appellate appendix filed in state court, with Bates-stamped page numbers, are not useful. This Court does not possess the appellate appendices. The exhibits that Respondents file in this court often are copies of the original documents, not copies of the copies filed in the appellate appendix. Consequently, the Court has no way to find a citation to a Bates-stamped page in the appellate appendix.

The Court will give Petitioner time to file a second amended petition. Petitioner should not take that time as a guarantee of timeliness for the second amended petition or any claims in the second petition. Petitioner always remains responsible for calculating the one-year period of limitation under 28 U.S.C. § 2244(d)(1).

Petitioner does not need to file exhibits with the second amended petition, if petitioner complies with LSR 3-3(a). However, the parties might consider consulting with each other as to the exhibits that need to be filed. If Respondents file exhibits before Petitioner files a second amended petition, then Petitioner can cite to the exhibits as filed, with ECF numbers. That would be more helpful than a citation to, for example, "Transcript of August 15, 2019, at p. 27," which would require the Court to use the index of exhibits to find the correct exhibit.

It is therefore ordered that the unopposed motion for a status conference (ECF No. 16) is granted in part with respect to filing a second amended petition and denied in part with respect to holding a status conference.

It is further ordered that Petitioner will have 120 days from the date of entry of this order to file a second amended petition.

///

It is further ordered that Respondents must file a response to the second amended petition, including potentially by motion to dismiss, within 60 days of service of an amended petition and that Petitioner may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by Respondents to the counseled amended petition must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

DATED THIS 16th day of August 2019.

                                                    MIRANDA M. DU
                                                  UNITED STATES DISTRICT JUDGE