# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARC ANTHONY COLON, | Case No. 3:18-cv-00490-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| R. BAKER, *et al.*, | |
| Respondents. | |

Petitioner Marc Anthony Colon has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 10.) Colon's previous counsel filed a first amended petition. (ECF No. 15.) On May 3, 2022, this Court granted Colon's previous counsel's motion to withdraw.[1] (ECF No. 44.) On May 12, 2022, this Court appointed Mark Eibert, Esq. as substitute counsel. (ECF No. 46.)

It is therefore ordered that Petitioner, through Mr. Eibert, Esq., has up to and including 90 days from entry of this order within which to file a second amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Petitioner remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any

---

[1]This order was sent to Colon at the Lovelock Correctional Center, but it was returned with a notation that Colon is now at Ely State Prison. (ECF No. 45.)

amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that Respondents must file a response to the second amended petition, including potentially by motion to dismiss, within 60 days of service of the second amended petition and that Petitioner may file a reply thereto within 30 days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, is governed instead by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by Respondents to the second amended petition must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that that any state court record and related exhibits filed herein by either Petitioner or Respondents must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment. If the exhibits

filed will span more than one ECF Number in the record, the first document under each successive ECF Number must be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (*i.e.*, Attachment 1, 2, etc.).

It is further ordered that the hard copy of any exhibits filed by either counsel must be delivered–for this case–to the Reno Clerk's Office. Courtesy copies of exhibits may not be provided.

It is further ordered that the Clerk of Court is directed to update Petitioner's address to Ely State Prison, P.O. Box 1989, Ely, Nevada 89301.

It is further ordered that the Clerk of Court send a copy of this order to Petitioner at Ely State Prison and reflect said transmittal either via the notice of electronic filing or on the docket, in a manner consistent with the Clerk of Court's current practice.

DATED THIS 13th Day of May 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE